RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 10 / 12 / 05
BY JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Henry E. Bush | DOCKET NO. 1:05 CV 1392 |
| | SECTION P |
| VS. | JUDGE LITTLE |
| 35th Jud.Dist.ct | MAGISTRATE JUDGE KIRK |

### Report and Recommendation

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, **Henry E. Bush** ("Plaintiff").[Rec. Doc. 1]. Plaintiff was granted permission to proceed *in forma pauperis* on August 19, 2005. [Rec. Doc.4 ]. Plaintiff is currently incarcerated at the East Carroll Detention Center in Lake Providence, Louisiana.

### Statement of Facts

Plaintiff States he is a diebetic who suffers from high blood pressure and poor blood circulation. He is seeking medical attention at the East Carroll Detention Center.

Here, the plaintiff is attempting to file suit against the 35th Judicial District Court in Louisiana. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether a Judicial District Court has the capacity to sue or be sued in this action. Under

Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. Here, the Louisiana Civil Code does not give "juridical person" status to Louisiana district Courts. Compare *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988), 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991). In other words, Plaintiff's suit against this non-juridical entity is frivolous.

It is also appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a § 1915(d) determination. As the Supreme Court has stated, "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2814-15, 86 L.Ed.2d 411 (1985). Immunity, therefore, is a threshold question, to be resolved as early in the proceedings as possible. See *Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Because absolute immunity is properly viewed as "immunity from suit rather than a mere defense to liability,"

*Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815, it is appropriate for the district courts to resolve the question of absolute immunity before addressing other grounds for dismissal. If a defendant is dismissed on absolute immunity grounds, it becomes clear that the § 1983 plaintiff will never have a claim against that defendant based on the particular facts alleged.

The Judge in this case is entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of his judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993). The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n. 5 (5th Cir.1991). Judicial immunity can be overcome only by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); see *Forrester v. White*, 484 U.S. 219, 220-21, 108 S.Ct. 538, 540-41, 98 L.Ed.2d 555 (1988) (holding that a state judge's dismissal of a subordinate court employee is not a judicial act entitled to absolute immunity). A judge's acts are judicial in nature if they are " 'normally performed by a judge'" and the parties affected "'dealt with the judge in his judicial capacity.'" *Mireles*, 502 U.S. at 12, 112 S.Ct. at 288 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978)).

Furthermore, Prosecutors also enjoy absolute immunity from

claims for damages asserted under § 1983 for actions taken in the presentation of the state's case. *Graves*, 1 F.3d at 318. As the Supreme court recently reaffirmed: "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial ...." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Graves*, 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Id.* at 318 n. 9; see also *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir.1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), *cert. denied*, 504 U.S. 965, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."). Thus, Plaintiff alleges no facts that would divest the Prosecutor in this case of his absolute immunity.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint under 42 U.S.C. §1983 should be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 12th day of October, 2005.

JAMES D. KIRK
United States Magistrate Judge